FILED
SUPERIOR COURT
OF GUAM

2024 FEB 14 PM 4:36

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | Case No. CF0446-23 |
| vs. | |
| ARTHUR U. SAN AGUSTIN, *et al*, | **DECISION AND ORDER** (Motion to Seal and Strike) |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on February 6, 2024, for a Motion Hearing on the People's Motion for a Protective Order. Attorney General Douglas Moylan ("Moylan") and Assistant Attorney General Lewis Harley ("Harley") appeared on behalf of the People. Joaquin Arriola ("J. Arriola") appeared for Arthur U. San Agustin ("Defendant"). G. Patrick Civille ("Civille") appeared for Masatomo Nadeau ("Nadeau"), who joined Defendant. During the Hearing, the Court denied the Protective Order to prevent an evidentiary hearing. Moylan then argued for a Motion to Strike an Audio CD submission by the Defendants and a Motion to Seal the impending proceedings. Moylan also claimed he was not properly subpoenaed. J. Arriola and Civille opposed the Motions. Based on the relevant law and authorities the Court now issues the following decision and order **GRANTING** the People's Motion to Seal and **GRANTING** the People's Motion to Strike. Further, the Court finds that Moylan was not properly subpoenaed.

# BACKGROUND

On August 21, 2023, the Office of the Attorney General indicted Defendant and Nadeau with five charges: (1) Tampering with Public Records, (2) Obstructing Government Functions, (3) Official Misconduct, (4) Obstructing Governmental Functions, and (5) Official Misconduct. Superseding Indictment (August 21, 2023). These charges were all brought regarding both Defendant's and Nadeau's roles in the Department of Public Health and Social Services ("DPHSS"). On September 1, 2023, Defendant filed a *"Motion to Disqualify the Office of the Attorney General,"* claiming that disqualification was warranted as the AG's Office, through former Assistant Attorney General ("AAG") Sandra Miller, represented DPHSS. Mot. for Protective Order, (January 19, 2024). The Office of the Attorney General ("OAG") filed a Motion for Protective Order in response. *Id.* The Court denied this order and the OAG argued twin Motions to Seal and Strike in response.

# DISCUSSION

In their Motion to Seal and Strike, the OAG argues that (1) the Audio CD ("Submission") submitted by Defendant violates Court Orders[1] and (2) that the impending evidentiary hearing should be sealed given the potential violations of attorney-client privilege that may come out during testimony.[2]

### A. Does the Submission of 10 Hours of Audio Recordings on an Audio CD ("Submission") Violate Rules of Court and Court Order by Judge Tolentino?

The OAG argues that the CD contains testimony and information that Judge Tolentino expressly sealed in CF447-23 *(People v. Sablan, et al)*. Mem. Supporting Ext Parte Mot. to

---

[1] Mot. to Seal Hearing, (February 2, 2024).
[2] Mem. Supporting Ext Parte Mot. to Seal & Strike Def.'s Submission, (January 31, 2024).

Seal & Strike Def.'s Submission ¶ 3 (January 31, 2024), citing Exhibit A (pg. 6, 11:09am). This is correct; however, Judge Tolentino later unsealed the proceeding. CF447-23 Minutes, JDAETFTR, 11/8/2023, ¶ 5, "10:39am." Thus, the submission does not violate the court order by Judge Tolentino.

Finally, the OAG also argues that the CD contains, "ten (10) hours of uncertified audio recordings from hearings across three (3) separate days, expecting we all received them as if they were actual Court recordings available for inspection. Mem. Supporting Ext Parte Mot. to Seal & Strike Def.'s Submission ¶ 3 (January 31, 2024). The OAG goes on to cite GRCP 80, which requires that, "Whenever testimony of a witness at a trial or hearing which was stenographically or electronically reported is admissible in evidence at a later trial, it may be proved by the transcript thereof duly certified by the person who reported, transcribed, or recorded the testimony." *Id.* ¶ 3-4, citing GRCP 80. Defendant has not filed an opposition to this argument and the Court cannot disagree with GRCP 80. Therefore, the CD Submission does violate the Rules of Court and should be struck.

## B. Should the Impending Evidentiary Hearing Be Sealed?

The OAG argues that the evidentiary hearing should be sealed, because the hearing may surface information that should be protected by Attorney-Client Privilege. Mot. to Seal Hearing (February 2, 2024). Defendant points out that the People's Motion does not accurately cite the authority for this privilege. Def. Arthur U. San Agustin's Opp. to People's Mot. to Seal Hearing (January 31, 2024). The privilege is outlined in Guam Evidence Rule 504(c).

In the Ninth Circuit, there is a "strong presumption in favor of access to court records" in both civil and criminal actions, which can only be overridden if there are "sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

(9th Cir. 2003); *see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (a motion to seal documents which are part of the judicial record is governed by the "compelling reasons standard"). A party seeking to seal court proceedings or documents can overcome the presumed right of public access under the First Amendment "only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *See Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006) (to satisfy the compelling reasons standard, a party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons standard." *See Kamakana*, 447 F.3d at 1178.

This Court agrees that "privileges, such as the attorney-client privilege, are generally viewed as rules of evidence that must be asserted within the confines of a court proceeding. *See Privilege, Black's Law Dictionary* (10[th] ed. 2014). For this reason, the Court cannot look into the future and be certain that evidence revealed during the hearing won't violate the Attorney-Client Privilege. This privilege is a "compelling interest" which must be protected and there is no alternative way to protect it without sealing the proceedings. Therefore, the case must be sealed indefinitely or until it is determined that none of the discovery violates the privilege.

### C. Can Employees of the OAG Be Compelled to Testify in the Evidentiary Hearing, Including Attorney General Moylan?

The OAG argues that Defendant seeks to command employees of the OAG to testify, who were not properly subpoenaed. "A subpoena shall be issued by the clerk under the seal of the court. It shall state the name of the court and the title, if any, of the proceedings, and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein." 8 G.C.A. § 75.10. The employees of the OAG who have been properly subpoenaed are Joseph Guthrie[3], Sandra E.C. Miller[4], Maria Apuron[5], and Jessica Toft[6]. A subpoena does not exist for Attorney General Douglas Moylan. Thus, the above employees of the OAG can be commanded to testify, but Attorney General Moylan cannot be commanded to do so without a subpoena.

### CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's Motion to Seal and **GRANTS** the People's Motion to Strike. Finally, the Court notes that Attorney General Moylan has not been properly subpoenaed, unlike OAG employees Joseph Guthrie, Sandra E.C. Miller, Maria Apuron, and Jessica Toft.

SO ORDERED, this _14th_ day of _February_ 2024.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

---

[3] Subpoena of Joseph Guthrie (January 19, 2024).
[4] Subpoena of Sandra E. C. Miller (January 19, 2024).
[5] Subpoena of Maria Apuron (January 19, 2024).
[6] Subpoena of Jessica Toft (January 16, 2024).